IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ANDREW MELVIN                                                      PLAINTIFF


v.                              CIVIL NO. 3:25-cv-3075


FRANK BISIGNANO, Commissioner                              DEFENDANT
Social Security Administration

### MEMORANDUM OPINION

Plaintiff, Andrew Melvin, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his applications for DIB and SSI on December 28, 2022. (Tr. 20). In his applications, Plaintiff alleged disability beginning March 17, 2017, due to COPD, a lung disorder, back problems, neck problems, knee problems, hip problems, hand/wrist/arm problems, emphysema, and sleep apnea. (Tr. 20, 340). An administrative hearing was on August 25, 2025, at which Plaintiff appeared with counsel and testified. (Tr. 46-80). A vocational expert ("VE") also testified. *Id.* At this hearing, Plaintiff amended her alleged onset date to March 30, 2021. (Tr. 51).

1

On June 18, 2025, the ALJ issued an unfavorable decision. (Tr. 17-40). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 22). The ALJ found Plaintiff suffered from the severe impairments of: degenerative disc disease and stenosis of the cervical and lumbar spine, degenerative joint disease and tearing of the left knee, degenerative joint disease of the right elbow, chronic obstructive pulmonary disease, emphysema, and obstructive sleep apnea. (Tr. 23–24). The ALJ found that Plaintiff's subdural hematoma did not meet the durational requirements for a severe impairment. (Tr. 23). The ALJ considered Plaintiff's diagnoses of depressive disorder, generalized anxiety disorder, and methamphetamine use disorder and found that these impairments were nonsevere. *Id*. The ALJ found that Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 24–25). The ALJ found that Plaintiff had the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: he can occasionally climb, balance, stoop, kneel, crouch, and crawl; he can occasionally reach overhead bilaterally and he has no limitations in reaching in all other directions; he can frequently handle, finger, and feel bilaterally; he can have occasional exposure to hazards such as unprotected heights and moving mechanical parts and this does not preclude the operation of a motor vehicle; and he can have occasional exposure to atmospheric conditions
> (Tr. 26–31)

The ALJ found Plaintiff had no past relevant work. (Tr. 31). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of routing clerk, assembler production, survey worker, and assembler small parts I. (Tr. 32). The ALJ found Plaintiff had not been disabled as defined by the Act from March 30, 2021, through June 18, 2025, the date of the decision.  (Tr. 33).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises only one point on appeal, whether the ALJ improperly found the agency opinions consistent with the claimant's complaints of inability to sit or stand in one spot for long comfortably yet failed to include similar limitations in the RFC. (ECF No. 10). Defendant argues that the ALJ appropriately accounted for Plaintiff's severe physical impairments, and that the opinions of Lisa Lowery, M.D., and David Hicks, M.D., did not require a sit and stand limitation. (ECF No. 12). Defendant argues that Plaintiff had failed to establish that he had functional limitations which exceeded the limitations set forth in the RFC. *Id*.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ carefully considered the opinion evidence and provided sufficient analysis to support his findings. (Tr. 30). For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 16th day of July 2026             .

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE